U.S. DISTRICT COURT
N.D. OF N.Y.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DERRICK HAMILTON,

                      Plaintiff,    LAWRENCE E. KAHN
                                      ALBANY

    -v.-                                   9:06-CV-0805
                                            (LEK/DRH)

J.T. SMITH, *et al.*,

                      Defendants.

APPEARANCES:                           OF COUNSEL:

DERRICK HAMILTON
93-A-5631
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953
Plaintiff, *pro se*

HON. ANDREW M. CUOMO              CHRISTINA L. ROBERTS-RYBA, Esq.
New York State Attorney General         Assistant Attorney General
The Capitol
Albany, NY 12224
Attorney for Defendants

LAWRENCE E. KAHN
U.S. District Judge

## DECISION and ORDER

    Plaintiff Derrick Hamilton commenced this *pro se* § 1983 action in June 2006 seeking to recover damages for the alleged violation of his constitutional rights. Dkt. No. 1. Presently before this Court is a Motion from Plaintiff seeking preliminary injunctive relief. Dkt. No. 37.

    A preliminary injunction is an "extraordinary remedy that should not be granted as a routine matter." Patton v. Dole, 806 F.2d 24, 28 (2d Cir. 1986). In most cases, the party seeking the injunction must show a threat of irreparable injury if the injunction is not granted and either (1) a probability of success on the merits or (2) sufficiently serious questions going to the merits

of the claims to make them a fair ground of litigation, and a balance of hardships tipping decidedly in favor of the moving party. See Jolly v. Coughlin, 76 F.3d 468, 473 (2d Cir. 1996). Where, however, a movant seeks relief which will alter, rather than maintain, the status quo, the movant must meet a higher burden: a "clear" or "substantial" showing of the likelihood of success, as well as irreparable harm should the injunction not be granted. See id. at 473-74.

In support of his motion, Plaintiff alleges that on February 12, 2008, he was issued a misbehavior report after Plaintiff's urinalysis tested positive for marijuana use. Dkt. No. 37 at 4. Plaintiff claimed at the subsequent Tier III disciplinary hearing held on February 14, 2008 that the positive test was the result of "passive inhalation" of marijuana smoke from other inmates.[1] Id. at 4-5. Plaintiff also argued at the Tier III hearing that the result of his urinalysis test was 296, which is the "cut-off rate" for a positive test for marijuana use. Id. at 4. Plaintiff seems to claim that he was denied due process at the February 14, 2008 Tier III hearing because he was denied the right "to present documentary evidence from [his] deposition, or call expert witnesses as to [his] medical condition." Id. at 5. Plaintiff was found guilty of the aforesaid charges on February 29, 2008 and sentenced to serve 18 months in the Special Housing Unit (SHU). Id. Plaintiff seeks an Order from this Court "staying the February 29, 2008, administrative decision imposing 18 month Special Housing and other sanctions due to [his] medical conditions." Id.

In opposition to Plaintiff's motion, Defendants contend that Plaintiff is not entitled to the requested injunctive relief because: (1) he has not shown that he has appealed from the February 29, 2008 decision; (2) he was provided due process with respect to the challenged Tier III hearing; (3) his

---

[1] Plaintiff claims that he was susceptible to testing positive for marijuana use as a result of passive inhalation because of a medical condition, the facility windows were ordered closed for the heating season, and other inmates were smoking marijuana. Dkt. No. 40 at 5-8.

confinement in SHU does not constitute irreparable harm; and (4) his motion contains insufficient evidence to show that Plaintiff suffers from the medical condition that he asserts in his motion. Memorandum of Law at 3-4 (Dkt. No. 38).

In reply to Defendants' opposition, Plaintiff alleges that, on March 11, 2008, the result of the February 29, 2008 Tier III hearing was reversed because a complete audio record of the hearing was not maintained. Dkt. No 40 at 6. A re-hearing was ordered. Id. On March 18, 2008, Plaintiff had a new Tier III hearing regarding the February 12, 2008 misbehavior report. Id. Plaintiff claims that he was denied due process at the re-hearing because the hearing officer "deliberately removed [Plaintiff] from the hearing for objecting to the hearing officer throwing [Plaintiff's] legal documents on the floor." Id. As a result of Plaintiff being ejected from the hearing, Plaintiff claims that he was denied the right to submit relevant evidence and to call and/or question witnesses. Id. at 17-19. Plaintiff appealed from the March 18, 2008 Tier III hearing, at which he was again found guilty of using marijuana. Id. By letter dated June 1, 2008, Plaintiff has now advised the Court that "on May 22, 2008, the Director of Special Housing Norman Bezio reversed the February 12, 2009, report of misbehavior and the March 18, 2008 guilty findings." Dkt. No. 47 at 1. In light of this, Plaintiff now asks to amend his original request to ask for only the following injunctive relief, namely that

> [t]he Department of Correction be prohibited from finding me guilty at disciplinary hearing for drug use [marihuana], THC metabolites in urine absent some evidence that passive inhalation as my medical records prove can occur, did not cause the positive urine for THC.

Id. at 2.

Upon review of the record in this action, the Court finds that Plaintiff has failed to demonstrate that he is likely to suffer irreparable harm if the requested injunctive relief is not

granted. "The mere possibility of harm is not sufficient: the harm must be imminent and the movant must show he is likely to suffer irreparable harm if equitable relief is denied." Brown v. Middaugh, No. 96-CV-1097, 1998 WL 566791, *1 (N.D.N.Y. Sept. 3, 1998) (citations omitted). "Irreparable harm must be shown to be imminent, not remote or speculative, and the injury must be such that it cannot be fully remedied by monetary damages." Roucchio v. LeFevre, 850 F. Supp. 143, 144 (N.D.N.Y. 1994) (McAvoy, C.J.). In this case, since Plaintiff is now only seeking prospective relief in the form of a court order prohibiting a guilty finding against him **if and when** another disciplinary hearing is held concerning alleged marijuana use, the harm that he alleges is speculative and therefore not irreparable.

The Court also finds that Plaintiff has not made the required showing of a probability of success on the merits, or sufficiently serious questions going to the merits of the underlying claims to make them a fair ground of litigation along with a balance of hardships tipping decidedly in favor of Plaintiff. Based upon the foregoing, the Court finds that Plaintiff has failed to establish either of the elements required for the issuance of an injunction and his motion is denied.

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's Motion for injunctive relief (Dkt. No. 37) is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this order on all parties.

**IT IS SO ORDERED.**

DATED:   June 27, 2008
         Albany, New York

HONORABLE LAWRENCE E. KAHN
United States District Judge